IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| Shaodong TongxinDream Culture Media Co., Ltd., d/b/a TongxinDream<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>Brandon Himmel;<br><br>　　　　　　　Defendant. | CASE No: 4:25-cv-846 |

## COMPLAINT

This is an action brought under the Declaratory Judgment Act by Plaintiff Shaodong TongxinDream Culture Media Co., Ltd, d/b/a TongxinDream ("Plaintiff" or "TongxinDream") against Brandon Himmel ("Defendant"), seeking a declaratory judgment that Plaintiff's products do not infringe Defendant's U.S. Patent No.12,221,024 ("'024 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 1 *et seq*., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a), and pursuant to the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202.

2. This is an action under the Declaratory Judgment Act, 28 U.S.C.§§ 2201 and 2202, seeking a declaratory judgment that Plaintiff has not infringed any claims of the '024 Patent, directly, contributorily, or vicariously.

3. This action arises from Defendant's filing of Patent infringement complaint to Amazon by using the Amazon Patent Evaluation Express ("APEX") process against Plaintiff.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 1 et seq.

5. An actual case or controversy exists between the parties to this action. Defendant initiated the APEX process against Plaintiff alleging that Plaintiff's products infringe its '024 Patent. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391, and this Court may properly exercise personal jurisdiction over the Defendant since the Defendant is a resident of Houston, Texas. The Court has general jurisdiction over Defendant.

## THE PARTIES

**THE PLAINTIFF**

7. Plaintiff, Shaodong TongxinDream Culture Media Co., Ltd, d/b/a TongxinDream is a limited liability company organized and existing under the laws of the People's Republic of China, having its principal place of business located in Songjiatang Street, Building 23, Units 1-4, Park Road Nursery Market, Shaodong City, Hunan Province, China.

8. Plaintiff owns and operates an Amazon store named "TongxinDream." Plaintiff sells pet supplies, including the Dog Car Seat Cover Products ("Accused Products") in its Amazon store. Plaintiff's Dog Car Seat Cover Products are well-established at Amazon and have achieved an average customer rating of 4.8 out of 5.

**THE DEFENDANT**

9. Upon information and belief, Defendant is an individual residing at 12003 Ridgewood canyon Dr, Houston, TX 77059.

10. Upon information and belief, Defendant is the inventor and the applicant of the '024 Patent.

11. The '024 Patent, entitled as "Vehicle Seating or Cargo Area and Door Cover," was filed on June 7, 2023, and issued on February 11, 2025. A true and correct copy of the '024 Patent is attached hereto as Exhibit A.

## FACTUAL BACKGROUND

12. Over the past twenty years, online retailing has revolutionized how companies reach American consumers. Electronic marketplaces combined with dramatically increased transport speed and improved logistics networks allow even relatively small companies to compete across thousands of miles. These developments have generally increased competition and lowered prices

13. Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States facing the considerable challenges of managing this sprawling hive of commercial activity. Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from liability for contributing to infringement. Means that Amazon, Inc. provides, among others, include filing an Amazon Complaint by using its "Amazon's Report Infringement Form," and a patent infringement reporting procedure and an abbreviated, binding pseudo-arbitration known as the Amazon Patent Evaluation Express ("APEX") process (sometimes referred to as Amazon Utility Patent Neutral Evaluation). If the

patent owner initiates an APEX proceeding, the Seller may choose not to participate, but that refusal means Amazon will remove ("de-list") the accused product listings from the Amazon Marketplace.

14. On or about February 13, 2025, Defendant initiated an APEX process, asserting the Accused Product infringe the Claim 1 of the '024 Patent. A true and correct copy of the Amazon Patent Evaluation Express Agreement signed by Defendant is attached hereto as Exhibit B.

15. The Claim 1 of the '024 Patent is the only independent claim of the '024 Patent. However, the Accused Product does not infringe the '024 Patent directly, contributorily, or vicariously.

## COUNT I
**(Declaration Judgment of Non-infringement of U.S. Patent, No. 12,221,024)**

16. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

17. As described previously, Defendant alleges that the Accused Product infringes the Claim 1 of the '024 Patent by initiating the APEX process via Amazon.

18. The circumstances show that there is an actual, present, substantial, and justiciable controversy between Plaintiff and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

19. Plaintiff's Accused Product does not infringe any of the presumably valid claims of the '024 Patent, as the Accused Product fail to meet one or more elements of sole independent claim 1 of the '024 Patent.

20. The Claim 1 of the '024 Patent disclose:

> A cover for a seating and/or cargo area and doors of a vehicle, comprising:
> a middle panel having front, rear, left and right edges;
> a front panel attached to the front edge of the middle panel;

   a rear panel attached to the rear edge of the middle panel, each panel comprising a plurality of layers heat pressed together;
   a plurality of seat belt openings in at least one of, or between, the middle panel and the rear panel;
   a left side door panel attached to an upper portion of a left side of the front panel;
   a right side door panel attached to an upper portion of a right side of the front panel;
   a left front strap attached to the front panel;
   a right front strap attached to the front panel and spaced apart from the left front strap;
   one or more rear straps attached to the rear panel;
   a left window insert attachable to the left side door panel; and
   a right window insert attachable to the right side door panel, each window insert configured to be inserted into a window opening of the vehicle, wherein each window insert comprises an angle piece having a first leg and a second leg perpendicular to the first leg, and an attachment strip in a recess in the second leg.

21. The Claim 1 of the '024 Patent requests a left and a right window insert attachable to the left and right side door panel, "comprises an angle piece having a first leg and a second leg perpendicular to the first leg, and an attachment strip in a recess in the second leg." *See* Exhibit A, p. 15. However, the Accused Product does not have the attachable window inserts comprising of angle piece. First, the Accused Product uses

22. The Accused Product incorporates three fixed plastic thin pieces on each side door panels, which are used to secure the panels by being inserted into the vehicle's window opening. The plastic thin pieces are not attachable to the side door panels; rather, they are fixed and non-removable. Furthermore, as demonstrated in the image below, the fixed plastic thin pieces do not have the angle piece required by the '024 Patent, nor do they feature "a first leg and a second leg perpendicular to the first leg." Additionally, it is evident that the Accused Product neither includes

5

nor is capable of including "an attachment strip in a recess in the second leg," as claimed in the '024 Patent.



23.     Thus, among other things, Plaintiff's Accused Product does not meet the limitation of the sole independent Claim 1 of the '024 Patent.

24.     Defendant's APEX process has caused imminent and real threat of an infringement lawsuit.

25.     Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Product does not infringe, either directly or indirectly, literally or under the doctrine of equivalents, any presumably valid claim of the '024 Patent. Plaintiff is also entitled to recover damages caused by Defendant.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.     For judgment in favor of Plaintiff against Defendant on all claims.

2.     Declaring that Plaintiff's Accused Product does not infringe Defendant's U.S. Patent No.12,221,024.

3. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiff's costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

4. Order by this Court that Defendant must immediately revoke any complaints or APEX process of infringement of the U.S. Patent No.12,221,024 made to Amazon against Plaintiff with respect to the Accused Product.

5. Preliminarily and permanently enjoin Defendant, its successors and assigns, and anyone acting in concert therewith or on their behalf, from attempting to enforce the U.S. Patent No.12,221,024 against Plaintiff, or any parents, affiliates, or subsidiaries of Plaintiff, as well as its respective officers, agents, employees, successors, and assigns.

6. Ordering Defendant to return to the Court with proof of compliance with this Order within seven (7) days of entry thereof, with a copy served on Plaintiff's attorney.

7. Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages.

8. Awarding pre- and post- judgment interest.

9. Awarding Plaintiff such other and further relief as this Court deems is just and proper.

## Jury Trial Demand

Plaintiff hereby demands a jury trial on all issues so triable.

Date: February 26, 2025

/s/ Wei Wang
Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Suite 2529
New York, NY 10010
(212) 729-5073
Wei.wang@glacier.law
Attorney for Plaintiff